**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Criminal Case No. 14–cr-00271-REB

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DAVID JUSTICE,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL**

---

**Blackburn, J.**

      The matter before me is defendant David Justice's **Motion for New Trial**
[#57],[1] filed October 18, 2014.  The government filed a response [#62] to which the
defendant filed a reply [#69].  I deny the motion.

      This matter was tried to a jury on September 22-25, 2014.  The jury found Mr.
Justice guilty of the crime charged in the single count of the Indictment, that is, willful
damage to property of the United States on lands administered by the Bureau of Land
Management, specifically, at a location known as the Cushman Creek Trail, in an
amount in excess of $1,000, in violation of 18 U.S.C. §§ 1361.  Mr. Justice now moves
for relief under Fed. R. Crim. P. 33(b)(2)[2] on the ground that I erred in failing to instruct

---

    [1] "[#57]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this
convention throughout this order.

    [2] A motion under Rule 33(b) based on any reason other than newly discovered evidence must be
filed within 14 days of the verdict.  FED. R. CRIM. P. 33(b)(2).  Prior to the expiration of this deadline, I
granted Mr. Justice's motion to extend this deadline.  (**Minute Order** [#53], filed October 9, 2014.)  *See*
*Eberhart v. United States*, 546 U.S. 12, 19, 126 S.Ct. 403, 407, 163 L.Ed.2d 14 (2005) (Rule 33 is not
jurisdictional).

the jury on the definition of "highway" under Colorado state law.

The standard for granting a new trial in a criminal case is set forth in Fed. R. Crim. P. 33, which provides that a new trial may be granted "if the interest of justice so requires." **FED. R. CRIM. P.** 33(a).  In considering the motion, the court presumes that the verdict is valid, and the defendant bears the burden of demonstrating that a new trial is warranted.  3 C. WRIGHT, A. LEIPOLD, P. HENNING & S. WELLING, ***Federal Practice & Procedure*** § 581 (4th ed. 2011).  The submission to the jury of improper instructions may form the basis of a motion for new trial.  ***See United States v. Guthrie***, 814 F. Supp. 942, 946 (E.D. Wash. 1993), ***aff'd***,. 17 F.3d 397 (9th Cir. 1994).  Nevertheless, "a motion for a new trial is not regarded with  favor and is only issued with great caution." ***United States v. Herrera***, 481 F.3d 1266, 1269-70 (10th Cir. 2007).  ***See also United States v. Perry***, 335 F.3d 316, 320 (4th Cir. 2003) ("[A] court should exercise its discretion to grant a new trial sparingly, and . . . should do so only when the evidence weighs heavily against the verdict.") (citation and internal quotation marks omitted).

Mr. Justice alleges reversible error in the refusal of two proposed jury instructions based on two Colorado statutes (§§43-2-201(1) and 43-1-203, C.R.S.) which define and describe what constitutes a highway under Colorado law.   "A defendant is entitled to an instruction on his theory of the case if the instruction is a correct statement of the law, and if he has offered sufficient evidence for the jury to find in his favor." ***United States v. Crockett***, 435 F.3d 1305, 1314 (10th Cir. 2006).  ***See also United States v. Sharp***, 749 F.3d 1267, 1280 (10th Cir. 2014).  Conversely, "the court is not required to give an instruction that misstates the law or that is already covered by other instructions." ***United States v. Alcorn***, 329 F.3d 759, 768 (10th Cir. 2003) (citation and internal

quotation marks omitted).

Mr. Justice's theory of this case hinged on his assertion that the Cushman Creek Trail had been established as a highway prior to the repeal of R.S. 2477, 43 U.S.C. § 932 (1970), by the Federal Land Management Policy Act of 1976 ("FLPMA"), Publ L. No. 94-579 § 706(a), 90 Stat. 2743. *See generally Southern Utah Wilderness Alliance v. Bureau of Land Management*, 425 F.3d 735-740-41 (10th Cir. 2005). According to Mr. Justice, a highway thus established was property of Montrose County, Colorado, thereby negating an essential element of the crime with which he was charged – that the damaged property was property of the United States.

I have already discussed the legal fallacy that underlies Mr. Justice's arguments in this regard. (*See* **Order Denying Renewed Motion for Entry of Judgment of Acquittal Notwithstanding the Verdict, Pursuant to F.R.C.P. 29** at 3-4 [#74], filed December 10, 2014.) There is no need to reiterate that discussion here. Suffice it to say that based on that analysis, Cushman Creek Trail's status as a highway *vel non* was irrelevant to the issue of the ownership of the property. There thus was no error in the refusal to given the proffered instructions, which otherwise "as a whole, . . . accurately state[d] the governing law and provide[d] the jury with an accurate understanding of the relevant legal standards and factual issues in the case." *Crockett*, 435 F.3d at 1314.

**THEREFORE, IT IS ORDERED** that defendant David Justice's **Motion for New Trial** [#57], filed October 18, 2014, is **DENIED**.

Dated December 11, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge