# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 14–cr-00271-REB

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID JUSTICE,

    Defendant.

## ORDER DENYING MOTIONS FOR RECONSIDERATION

**Blackburn, J.**

The matters before me are defendant David Justice's (1) **Motion To Reconsider Order Denying Renewed Motion for Entry of Judgment of Acquittal Notwithstanding Verdict Pursuant to F.R.C.P. 29** [#80],[1] filed December 24, 2014; and (2) **Motion To Reconsider Order Denying Motion for New Trial** [#81], filed December 24, 2014. The government has filed a consolidated response [#87]. I deny the motions.

Although the Federal Rules of Criminal Procedure do not specifically provide for motions to reconsider, they are proper in criminal cases to allow the court to correct alleged errors. *See United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Nevertheless, the grounds for granting such a motion are limited:

> A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. Specific grounds include: (1) an intervening change in the

---

[1] "[#80]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

>controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier.

*Id.* (citation and internal quotation marks omitted).

None of these bases for granting reconsideration is implicated by Mr. Justice's motions. For one thing, under the guise of suggesting that the court misapprehended his position, Mr. Justice asserts several new arguments not previously advanced in his copious briefing on this issue. His position regarding ownership *vel non* of the Cushman Creek Trail therefore is something of a moving target. Reconsideration is not warranted as to such previously unasserted theories and arguments.

Nevertheless, Mr. Justice's arguments remain unpersuasive in any event. He appears determined to obfuscate the pertinent (and relatively straightforward) issues in this case while continuing to ignore the fundamental logical fallacy underpinning all his arguments. Although Mr. Justice asserts that the alleged right of way in the Cushman Creek Trail, "as a consequence of its origins, is more than the mere privilege of use" (**Motion** at 4 [#80]), he fails particularly to describe the parameters of the interest he believes exists therein. Instead, he refers to this interest only as a "real property interest" or a "real property right," which it is, but not all such rights are coextensive. Mr. Justice spills much ink challenging or distinguishing the authorities on which the court relied in its previous orders, yet neglects to advance a cogent theory as to how the court's conclusions – premised on basic principles of real property law – are in error.[2]

---

[2] I also adopt and incorporate by reference herein the rebuttals to each of Mr. Justice's specific allegations of error set forth in the government's consolidated response to the motions.

Moreover, his unsubstantiated pronouncement "that the United States[,] as the fee simple property owner, lacks any property interest in a right of way running over its property" (*id.* at 6), is – quite simply – wrong. **See Riddell v. Ewell**, 929 P.2d 30, 31 (Colo. App. 1996) (noting that "the owner of the servient estate continues to enjoy all the rights and benefits of ownership 'consistent with the burden of the easement'") (quoting **Barnard v. Gaumer**, 361 P.2d 778, 780 (1961)).  The fact that land may be burdened by a such an interest,[3] which in turn may impact what the owner of the land may do on the easement, does not divest the owner of its ownership of and rights in the property.  (**See Order Denying Renewed Motion for Entry of Judgment of Acquittal** at 4 n.5 [#74], filed December 10, 2014 (noting that question of ownership "is distinguishable from that regarding whether the BLM had a right to encumber the putative right of way by the placement of such impediments to vehicular traffic").)  The determinative fact remains that the United States' acknowledged fee simple ownership of the servient estate over which Montrose County's alleged right of way passes is sufficient to establish the essential element of ownership.

**THEREFORE, IT IS ORDERED** as follows:

1. That Mr. Justice's **Motion To Reconsider Order Denying Renewed Motion for Entry of Judgment of Acquittal Notwithstanding Verdict Pursuant to F.R.C.P. 29** [#80], filed December 24, 2014, is **DENIED**; and

2. That Mr. Justice's **Motion To Reconsider Order Denying Motion for New Trial** [#81], filed December 24, 2014, is **DENIED**.

---

[3] As previously, I assume *arguendo* that the evidence at trial was sufficient to prove that such a right of way existed, while noting that the government consistently has argued to the contrary.

Dated January 21, 2015, at Denver, Colorado.

                                      **BY THE COURT:**

                                      */s/ Robert E. Blackburn*
                                      Robert E. Blackburn
                                      United States District Judge